**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**



**Dated: July 27, 2021.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-10436-TMD |
| MARY BRENNA RYLEE | § | |
| | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**ORDER AUTHORIZING THE SUBCHAPTER V TRUSTEE TO RETAIN ERIK WHITE/HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. §§ 105(a) AND 327(a)**

Upon consideration of the Application (the "Application")[1] filed by Michael G. Colvard, Subchapter V Trustee, and the Court having found that it has jurisdiction to consider the Applicant and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Application as set forth therein is sufficient under the circumstances; and the Court having reviewed the Application and having considered statements in support of the Application at the hearing held before this Court

(the "Hearing"); and the United States Trustee having communicated with the Sub V Trustee to advise of the following issues: (i) whether Sub V Trustee has authority to retain professionals under 11 U.S.C. § 363(b) – rather than 11 U.S.C. § 327(a); (ii) requiring notice and opportunity to object be issued to creditors and parties-in-interest providing a 21-day objection period; and (iii) that the indemnification/release provisions of the Engagement Letter be modified to reflect that White/Harney shall not be released/indemnified for any acts involving breach of fiduciary duty, bad faith or self-dealing, and the Sub V Trustee, White/Harney and Debtor having agreed to changes set forth herein to address those issues, and the Court having determined that the legal and factual basis set forth in the Application and at the Hearing establish just cause for relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore;

IT IS THEREFORE ORDERED:

1. The Application is approved as set forth herein.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions, all as modified by this Order, are reasonable terms and conditions of employment and are hereby approved, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application to the contrary:

   a. The Sub V Trustee is permitted to indemnify and hold harmless White/Harney, its affiliates and their respective shareholders, members, managers, employees, agents, representatives, and subcontractors ("Indemnified Person") according to the terms of the Engagement Letter except for actions involving breach of fiduciary duty, bad faith or self-dealing – which are expressly excluded from release or indemnification. Notwithstanding the terms of the Engagement Letter, in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the Engagement Letter if the Debtor, her estate or the statutory

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

committee of unsecured creditors appointed in this Chapter 11 Case assert a claim against an Indemnified Person and the Court determines by final order that such claim arose out of the gross negligence , willful misconduct, breach of fiduciary duty, bad faith or self-dealing on the part of that or any other Indemnified Person;

b. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this Chapter 11 Case, any Indemnified Party believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, such Indemnified Party must file an application therefore in this Court, and the Debtor may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Party for indemnification, contribution, or reimbursement and not as a provision limiting the duration of the Debtor's obligation to indemnify or make contributions or reimbursements to the Indemnified Party. All parties in interest shall maintain the right to object to any application by an Indemnified Party for indemnification, contribution and/or reimbursement;

c. In the event that any Indemnified Party seeks reimbursement from the Debtor for attorneys' fees and related expenses pursuant to the Application and Engagement Letter (as modified by this Order), the invoices and supporting time records (which may be redacted to maintain confidentiality or privilege) for the attorneys' fees and related expenses shall be annexed to the Indemnified Party's own application, both interim and final, and there invoices and time records shall be subject to the approval of the Bankruptcy Court, and the Debtor may not pay any such amounts absent entry of an order of the Court approving such payments;

d. For a period of three years after the conclusion of the engagement, neither White/Harney not any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor;

e. White/Harney shall disclose any and all facts that may have a bearing on whether Harney, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. Debtor is to pay all amounts invoiced by White/Harney for fees and expenses incurred in connection with its retention – out of estate assets – following Court approval of fees and expenses under 11 U.S.C. § 330, provided however that funds for the retainer of $20,000.00 shall be paid from proceeds derived from the sale of the Odessa house – on deposit within the IOLTA account maintained by Husch Blackwell, counsel for Debtor on a 50/50 basis split between Debtor and Non-Filing Spouse as agreed between Debtor and Non-Debtor Spouse, it being the intent that those IOLTA proceeds are to be used to fund the $20,000.00 retainer. The Retainer is to be paid upon entry of this Order.

4. The Sub V Trustee is the party retaining White/Harney, under the terms and conditions set forth in the Application and as modified herein, to reflect that retention of White/Harney is under 11 U.S.C. § 327(a), not 11 U.S.C. § 363(b), and the Engagement Letter, as modified by this Order, is hereby approved.

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6. The Sub V Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

7. That the Sub V Trustee shall issue notice of the Order Authorizing Retention of White/Harney under 11 U.S.C. § 327(a) under the terms of the Engagement Letter – as modified herein, advising that any party-in-interest may object to this Order and to the Application, and that all objections must be filed no later than 21 days after the date of the Order or be forever barred. If an objection is received from the U.S. Trustee, any creditor or party-in-interest, the affected professional shall request a hearing before the Court.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

Prepared and submitted by:

**MARTIN & DROUGHT, P.C.**
Weston Centre
112 East Pecan Street, Suite 1616
San Antonio, Texas 78205
Telephone: (210) 220-1334
Facsimile: (210) 227-7924
E-Mail: mcolvard@mdtlaw.com

By: /s/Michael G. Colvard
_____
Michael G. Colvard
State Bar No. 04629200

**SUBCHAPTER V TRUSTEE**