**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 21-10436-tmd** |
| **MARY BRENNA RYLEE,** | § | |
| | § | **CHAPTER 11** |
| **Debtor.** | § | **(SUBCHAPTER V)** |

**UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE PLAN**

TO THE HONORABLE TONY M. DAVIS,
UNITED STATES BANKRUPTCY JUDGE:

Debtor Mary Brenna Rylee (the "Debtor") files this Unopposed Motion to Extend Deadline to File Plan pursuant to 11 U.S.C. § 1189(b) to extend the deadline to file her Chapter 11 Subchapter V plan of reorganization from August 30, 2021 to September 13, 2021, and would show the Court as follows:

## I. JURISDITION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), & (O). Venue is properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Section 1189(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 3016.

## II. RELIEF REQUESTED

3. On May 31, 2021 (the "Petition Date"), the Debtor filed her voluntary petition for relief under Chapter 11 of the Bankruptcy, thereby initiating this bankruptcy case (the "Bankruptcy Case"). The Debtor has elected to proceed under Subchapter V of Chapter 11.

4. The Bankruptcy Code requires a Subchapter V debtor to file a plan "not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the

need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1189(b).

5. In this case, circumstances beyond the Debtor's control have contributed to the need for an extension, necessitating a short extension of the deadline to file a plan.

6. Specifically, on July 9, 2021, the Court entered the Order Granting the Expedited Agreed Motion Between Debtor and the Debtor's Non-Filing Spouse for Order Modifying the Automatic Stay to Establish Procedures for Division of Community Property (the "Protocol"), which authorized the retention of a financial advisor to value the Debtor and her non-filing spouse's (the "Spouse") (the Debtor and her Spouse are collectively, the "Parties") businesses and prepare a report (the "FA Report"). *See* Dkt. No. 48.

7. The Protocol also required the Debtor and her Spouse to attend mediation to attempt to divide their community property. *See* Dkt. No. 48.

8. The FA Report was finalized and provided to the Parties on August 23, 2021 and filed under seal with the Court on August 24, 2021. *See* Dkt. No. 87.

9. The Parties will be mediating with Judge Mott on August 30, 2021, which was the first available date that Judge Mott and the Parties were available.

10. There is limited authority under Section 1189(b) due to the recent enactment of Subchapter V.

11. Chapter 12 has similar language requiring the filing of a plan within 90 days: "The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend such period if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1221. Courts applying Section 1189(b) have looked to the similar language in Chapter 12 for guidance. *See In re Trepetin*, 617

B.R. 841, 847-50 (Bankr. D. Md. 2020); *In re Keffer*, 2021 WL 1523167 (Bankr. S.D.W. Va. Apr. 16, 2021) (collecting cases).

12. The Chapter 12 standard requires a debtor to demonstrate that the debtor's inability to file a plan is due to circumstances beyond the debtor's control and that the debtor is not simply "languishing" in Chapter 12 without confirming a plan. *See Trepetin*, 617 B.R. at 848. The similar Subchapter V standard should look to whether a debtor is fairly responsible for the inability to file a plan before the 90-day deadline, and whether the debtor has done all it can to act timely or whether it has been "dilatory" in the plan process. *Id*. at 849. Factors weighing against a debtor's request would be such circumstances as the debtor manipulating the timing of its bankruptcy filing to prejudice creditors. *Id*. at 850.

13. Here, the Debtor has been presented with circumstances beyond her control necessitating an extension of the deadline to file a plan. The Debtor has been focusing her efforts on a Subchapter V plan that would be consensual, which included negotiation and entry of the Protocol and retention of Erik White as the financial advisor, which culminated in the completion of the FA Report on August 23, 2021. However, the parties were unable to schedule mediation early enough to get the plan on file by the August 30, 2021 deadline. Mediation is scheduled with Judge Mott for August 30, 2021, and the Debtor is optimistic that a settlement will be reached that will allow her to file and confirm a consensual Chapter 11 plan.

14. The Debtor has diligently progressed this Bankruptcy Case and is not simply languishing in Chapter 11 or attempting to gain an advantage over her creditors by manipulating the Subchapter V timeline. Rather, the Debtor, through the Protocol and upcoming mediation, is working toward a prospective consensual Subchapter V plan.

15. Counsel for the Debtor has conferred with all parties who have entered an appearance in this Bankruptcy Case, and all parties are unopposed to the Debtor's request for an extension to September 13, 2021. The Debtor respectfully submits that this additional time is warranted under the Code and will prove beneficial to the estate in allowing the Debtor to fully mediate outstanding issues for a proposed plan.

## III. PRAYER

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting her a 14-day extension of the deadline to file her plan of reorganization on or before September 13, 2021, and for such other and further relief as the Court may deem just and proper.

Dated: August 25, 2021

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Jameson J. Watts
Lynn Hamilton Butler
State Bar No. 03527350
Jameson J. Watts
State Bar No. 24079552
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.Butler@huschblackwell.com
jameson.watts@huschblackwell.com

**COUNSEL FOR DEBTOR MARY BRENNA RYLEE**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with all counsel of record who have entered an appearance in this Bankruptcy Case, and all parties are unopposed to the relief requested in this motion.

/s/ Jameson J. Watts
Jameson J. Watts

## CERTIFICATE OF SERVICE

I certify that on August 25, 2021, a copy of this document was served by electronic service on parties registered to receive notice via the Court's CM/ECF system or via United States first-class mail as listed below.

/s/ Jameson J. Watts
Jameson J. Watts
a t

**Notice will be served via ECF to:**

Mary Brenna Rylee
c/o Jameson J. Watts
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701
Jameson.watts@huschblackwell.com

American Momentum Bank
c/o Bruce Ruzinsky
Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
Email: bruzinsky@jw.com

American Momentum Bank
c/o Jennifer F. Wertz
100 Congress Avenue, Suite 1100
Austin, TX 78701
Email: jwertz@jw.com

Ector CAD
c/o Don Stecker
Linebarger Goggan Blair & Sampson, LLP
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
sanantonio.bankruptcy@publicans.com

Michael G. Rylee
c/o Fareed Iqbal Kaisani
Platt Cheema Richmond PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, TX 75207
fkaisani@pcrfirm.com

Southstar Bank, S.S.B.
c/o Richard T. Chapman
Anderson, Smith, Null & Stofer, L.L.P.
100 West Goodwin, Suite 700
Victoria, TX 77902
rchapman@andersonsmith.com

Subchapter V Trustee
c/o Michael Colvard
Weston Center
112 East Pecan Street, Suite 1616
San Antonio, TX 78205
mcolvard @mdtlaw.com

Travis County
c/o Jason A. Starks
Travis County Attorney
P.O. Box 1748
Austin, TX 78767
Email: jason.starks@traviscountytx.gov

United States Department of Justice
Office of the United States Trustee
c/o J. Casey Roy, Trial Attorney
903 San Jacinto Blvd., Suite 230
Austin, TX 78701
Casey.Roy@usdoj.gov

United States Trustee – AU12
903 San Jacinto Blvd., Suite 230
Austin, TX 78701
ustpregion07.au.ecf@usdoj.gov

GTG Solutions, Inc.
c/o Frank B. Lyon
3508 Far West Blvd., Suite 170
Austin, TX 78731
Frank@franklyon.com

**Notice will be mailed via United States first-class mail to:**

Briggs & Veselka Co
c/o Edward Fowler
901 S. Mopac Expressway
Bldg. II, Suite 450
Austin, TX 78746

Capital One Bank USA NA
PO Box 31293
Salt Lake City, UT 84131-1293

Community National Bank
1502 Avenue M
Hondo, TX 78861

Community National Bank
2659 John Ben Shepperd Pkwy.
Odessa, TX 79762

Friday Milner Lambert Turner, PLLC
3401 Glenview Avenue
Austin, TX 78703

GTG Solutions, Inc.
c/o Bob. J. Shelton P.C.
5103 Chad Drive
Arlington, TX 76017

GTG Solutions, Inc.
c/o Anna Hand-Registered Agent
500 West Sherman
Chico, TX 76431

Haygood Law Firm
c/o Lane Haygood
522 North Grant Avenue
Odessa, TX 79761

Internal Revenue Service
Special Procedures
Stop 5022 AUS
300 East 8th Street
Austin, TX 78701

Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA 19101-7346

James Firm PLLC
c/o Amanda James
1316 5th Avenue
Fort Worth, TX 76104

John Manicom
PO Box 341420
Austin, TX 78734

Kelly L. Burris
Cordell & Cordell PC
301 Congress Avenue, Suite 1800
Austin, TX 78701

Michael G. Rylee
101 Colorado, Apt. 3007
Austin, TX 78701-4292

Texas Comptroller of Public Accounts
Revenue Acctg Div - Bankruptcy Section
P.O. Box 13528
Austin, TX 78711-3528

Texas Workforce Commission
Tax-Collections
101 E. 15th Street
Austin, TX 78778-0001

Travis County Tax Assessor-Collector
P.O. Box 149326
Austin, TX 78714