**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 21-10436-tmd** |
| **MARY BRENNA RYLEE,** | § | |
| | § | **CHAPTER 11** |
| **Debtor.** | § | **(SUBCHAPTER V)** |

**JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN DEBTOR MARY BRENNA RYLEE AND NON-FILING SPOUSE MICHAEL G. RYLEE PURSUANT TO FED. R. BANKR. P. 9109(A)**

TO THE HONORABLE TONY M. DAVIS,
UNITED STATES BANKRUPTCY JUDGE:

Debtor Mary Brenna Rylee (the "Debtor") and her non-filing spouse, Michael G. Rylee (the "Spouse") (the Debtor and her Spouse are collectively, the "Parties"), file this Joint Motion to Approve Compromise and Settlement Between the Parties Pursuant to Fed. R. Bankr. P. 9019(a) (the "Motion") to approve the division of their community property, and would show the Court as follows:

## I. JURISDITION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N), & (O). Venue is properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Sections 105(a) and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 9019(a) (the "Bankruptcy Rules").

## II. BACKGROUND

3. On May 31, 2021 (the "Petition Date"), the Debtor filed her voluntary petition for relief under Chapter 11 of the Bankruptcy, thereby initiating this bankruptcy case (the "Bankruptcy

Case"). The Debtor has elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code.

4. The Debtor is operating and managing her property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request for a trustee or examiner has been made. A committee of unsecured creditors has not been appointed or designated.

6. The Debtor is currently in divorce proceedings (the "Divorce Case") with her Spouse, which has been pending in Travis County, Texas since April 29, 2020. *See In the Matter of the Marriage of Mary Brenna Rylee and Michael Gene Rylee*, Case No. D-1-FM-20-002371 in the 353rd Judicial District Court of Travis County, Texas (the "Divorce Court").

7. A key issue in the Divorce Case and this Bankruptcy Case is the division of the Parties' community property (the "Rylee Community Property"), among which involves two valuable operating businesses – FLX Energy Services, LLC ("FLX") and Flex 24 Fitness, LLC ("Flex 24") (collectively, the "Rylee Businesses") and other valuable assets, such as homes in Austin and Odessa, Texas.[1]

8. On July 8, 2021, the Debtor filed the Expedited Agreed Motion Between Debtor and the Debtor's Non-Filing Spouse for Order Modifying the Automatic Stay to Establish Procedures for Division of Community Property (Dkt. No. 44), which was granted by the Court on July 9, 2021 (Dkt. No. 48), to engage an independent financial advisor to investigate alleged unauthorized transactions and valuations of Flex 24 and FLX to assist the Parties in dividing their community property as part of their pending divorce (the "Protocol").

---

[1] The Court previously authorized the sale of the Odessa home (the "Odessa Home") under a contract entered into by the Parties pre-petition. *See* Dkt No. 36. The sale of the Odessa home closed on July 6, 2021. *See* Dkt. No. 65.

9. Pursuant to the Protocol, the Subchapter V Trustee selected and retained Erik White with Harney Partners to serve as the independent financial advisor (the "Financial Advisor"). See Dkt. Nos. 61 & 74.

10. On August 23, 2021, the Financial Advisor completed and served his report (the "FA Report") pursuant to the Protocol. *See* Dkt. No. 87.

11. On August 30, 2021, the Parties attended a full-day mediation with Judge Mott pursuant to the Protocol. The Parties were unable to reach an agreement at mediation. However, the Parties reached an agreement the following day with respect to the division of the Rylee Community Property. The Parties have drafted a proposed Settlement Agreement and Release (the "Agreement"), a copy of which is attached as **Exhibit A**.

12. The Agreement calls for the Debtor to receive the following community property as her sole and separate property:

a. 100% of the membership interests in Flex 24, which include Flex 24's ongoing operations, personal property, and two pieces of commercial real property in Odessa, Texas, with a total value of $1,847,830.51;[2]

b. 57% of the net sale proceeds from the sale of the Parties' homestead in Austin, Texas (the "Homestead"), with an expected value of approximately $968,000.00;

c. $114,100.20 of the Parties' 2019 tax refund;

d. $23,497.50 of the Parties' 2020 tax refund;

e. 2018 BMW M760, with a value of $70,000.00;

f. $14,960.28 in cash on hand as of the FA Report; and

g. 100% of the furniture, clothing, jewelry, and other personal property located in the Homestead.

---

[2] The property values contained in this Motion are the fair market valuations prepared by the Financial Advisor as detailed in the FA Report. Unless otherwise noted, the property values contained in this Motion are the Parties' equity after deducting debt attributable to each asset.

13. The Agreement calls for the Spouse to receive the following community property as his sole and separate property:

a. 100% of the membership interests in FLX, which include FLX's ongoing operations, personal property, and one piece of commercial real property in Odessa, Texas, with a total value of $1,816,022.42;

b. 43% of the net sale proceeds from the sale of the Parties' Homestead, with an expected value of approximately $728,000.00;

c. $110,899.80 of the Parties' 2019 tax refund;

d. $23,497.50 of the Parties' 2020 tax refund;

e. $18,500.00 in cash from the prepetition sale of the Parties' boat; and

f. 100% of the furniture, clothing, jewelry, and other personal property located in the Odessa Home and the Spouse's apartment.

14. The property division detailed above and in greater length in the Agreement will result in the Debtor receiving 53.08% of the Rylee Community Property and her Spouse receiving 46.92% of the Rylee Community Property.

15. As part of the Agreement, the Debtor will receive a release of her guaranty of FLX's two loans with American Momentum Bank ("AMB"), which are currently in default and have an approximate balance owed of $2,042,897.93, and her Spouse will receive a release of his guaranty of Flex 24's loan with AMB, which has an approximate balance owed of $1,620,169.49. *See* AMB Proof of Claim No. 7.

16. In addition, the Parties will each contribute $75,000.00, for a total of $150,000.00, to fund the attorneys' fees, costs, and possible settlement of the case styled *FLX Energy Services, LLC v. GTG Solutions, Inc. v. Michael and Mary Rylee, Third Party Defendants*, Cause No. DC18-17458 in the 109th Judicial District Court of Winkler County, Texas (the "GTG Lawsuit"), which is a dispute between FLX and GTG Solutions, Inc. ("GTG") wherein GTG alleges FLX owes $92,223.64 in unpaid invoices. GTG's claims against the Parties in the GTG Lawsuit rely entirely upon a

piercing of the corporate veil between FLX and the Parties, and the court in the GTG Lawsuit has severed and stayed the third-party claims against the Parties individually.

17. On September 13, 2021, the Debtor filed her Proposed Subchapter V Plan of Reorganization (Dkt. No. 93) (the "Chapter 11 Plan"). As detailed in the Chapter 11 Plan, the Debtor intends to fund her Chapter 11 Plan and pay all allowed claims in full out of the cash obtained from the 2019 tax refund, the 2020 tax refund, if any, and the net sale proceeds from the sale of the Homestead, whichever arrive first. The funds generated from the 2019 tax refund, the 2020 tax refund, and the sale of the Homestead are sufficient to pay all allowed administrative, priority, and unsecured claims in full, and the Debtor will not receive any funds from these sources until all allowed claims are paid in full.

## III. RELIEF REQUESTED

18. Pursuant to Section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules, this Court may approve the compromise reached by the Parties. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case. *Myers v. Martin* (*In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. Rev. 1993)).

19. Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Fed. R. Bankr. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve

compromises and settlements if they are "fair and equitable and in the best interest of the estate." *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc.* (*In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997); *Conn. Gen. Life Ins. Co v. United Cos. Fin. Corp.* (*In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995). Moreover, Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20. Approval of a proposed compromise is left to the sound discretion of the reviewing court. *See, e.g., In re Hibbard Brown & Co., Inc.*, 217 B.R. 41 (Bankr. S.D.N.Y. 1998) (noting that courts should exercise their discretion "in light of the general public policy favoring settlements"). The burden of establishing the fairness of a compromise rests on the proponent(s) of the compromise; however, a trustee is not required to present a full mini-trial or evidentiary hearing to adjudicate the issues being settled. Rather, when determining whether to approve a compromise, the Court "is not to decide the numerous questions of law and fact raised" by the compromise, but is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *ARS Brook, LLC v. Jalbert (In re ServiSense.com, Inc.)*, 382 F.3d 68, 72 (1st Cir. 2004); *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

21. In determining whether a proposed compromise is fair and equitable, a court should consider the following factors:

(a) The probability of ultimate success should the claim be litigated;

(b) An educated estimate of: (i) the complexity, expense, and likely duration of such litigation; (ii) possible difficulties of collecting on any judgment which might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise; and

(c) The comparison of the terms of the settlement and compromise with the likely rewards of litigation, including: (i) uncertainties of fact and law which impact the probability of success in the litigation; and (ii) delay and inconvenience which impact the complexity or duration of the litigation.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson (In re TMT Trailer Ferry, Inc.)*, 390 U.S. 414, 424-25 (1968); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980) (decided under the Bankruptcy Act).

22. The Parties submit that the determination, allowance, and terms of the proposed settlement satisfies the requirements established by the Supreme Court in *TMT Trailer Ferry*, as expanded upon by *Jackson Brewing*.

23. First, the probability of ultimate success for either of the Parties is uncertain given the illiquid community property assets that are being divided. A substantial portion of the Rylee Community Property is tied up in two operating businesses and their assets, and prior to this Bankruptcy Case it was unclear wither the Parties would be able to resolve the Divorce Case without the complete liquidation of all assets. Indeed, the filing of this Bankruptcy Case halted three foreclosures that were scheduled for June 1, 2021, which would have proceeded without the filing of this Bankruptcy Case. Two of the three foreclosures on Flex 24 and FLX's commercial properties would have proceeded during the pendency of this Bankruptcy Case absent the Parties' agreement to pay AMB $130,401.65 in accrued principal and interest. If the Agreement is not approved, the Parties' lenders will likely foreclose on their Homestead and commercial properties, which will result in a complete liquidation of the estate, the exact outcome the Agreement seeks to avoid.

24. Second, the ongoing litigation in the Divorce Case will be significant for the Parties. The Divorce Case has been pending for approximately seventeen months, and there is no end in sight. The Parties will expend significant resources litigating with one another over the appropriate division of their community property, but by the time they reach a resolution there will be significantly less to divide due to the foreclosures discussed above.

25. Finally, a comparison of the terms of the Agreement with the potential outcome of continued litigation in the Divorce Case favor approval of the Agreement. Because Texas is a community property state, the Parties' expectation would be an equal 50/50 split of their community property. The Agreement proposes that the Debtor receive approximately 53% of the community property with her Spouse receiving approximately 47% of the community property. From the perspective of the Debtor's creditors, the Agreement is a better outcome than would be expected in continued litigation in the Divorce Case. Moreover, the Agreement and the Debtor's Chapter 11 Plan require cash payments to the Debtor's creditors that would not otherwise be available in litigation through to a final judgment in the Divorce Case.

26. Considering all the circumstances as a whole, the consensual resolution of the Rylee Community Property is in the best interest of the Parties and the Chapter 11 estate.

27. Given the costs and uncertainty of litigation, the Parties agree that consensual resolution on the terms of the Agreement is the most efficient and beneficial resolution for the Parties and the Court.

28. In light of these considerations, the proposed compromise falls well within the range of reasonableness and meets the standards of *TMT Trailer Ferry*, *Jackson Brewing*, and other applicable law. The foregoing particularly weighs in favor of the approval of the compromise and settlement in light of the practical reality that "compromises are . . . often times desirable and wise methods of bringing to a close proceeding [that are] otherwise lengthy, complicated and costly." *Jackson Brewing*, 624 F.2d at 602 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

## IV. PRAYER

WHEREFORE, the Debtor and her Spouse respectfully request that the Court enter an order finding that the Agreement satisfies the applicable standards for such compromises and is approved in all respects, and granting such other and further relief as the Court may deem just and proper.

Dated: October 14, 2021

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Jameson J. Watts

Lynn Hamilton Butler
State Bar No. 03527350
Jameson J. Watts
State Bar No. 24079552
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.Butler@huschblackwell.com
jameson.watts@huschblackwell.com

**COUNSEL FOR DEBTOR**
**MARY BRENNA RYLEE**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with all counsel of record who have entered an appearance in this Bankruptcy Case regarding the relief requested in this Motion. The Debtor's Spouse joins this Motion and agrees to the relief requested herein. The Subchapter V Trustee, the United States Trustee, and SouthStar Bank have no opposition to the relief requested in this Motion. American Momentum Bank has no opposition to this Motion, subject to execution of mutually agreeable loan documents with the Debtor and her Spouse. Travis County takes no position on the relief requested in this Motion. As of the filing of this Motion, the following parties have not provided their position on the relief requested in this Motion: (i) Ector CAD; and (ii) GTG Solutions, Inc.

/s/ Jameson J. Watts
Jameson J. Watts

## CERTIFICATE OF SERVICE

I certify that on October 14, 2021, a copy of this document was served by electronic service on parties registered to receive notice via the Court's CM/ECF system or via United States first-class mail as listed below.

/s/ Jameson J. Watts
Jameson J. Watts

**Notice will be served via ECF to:**

Mary Brenna Rylee
c/o Jameson J. Watts
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701
Jameson.watts@huschblackwell.com

American Momentum Bank
c/o Bruce Ruzinsky
Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
Email: bruzinsky@jw.com

American Momentum Bank
c/o Jennifer F. Wertz
100 Congress Avenue, Suite 1100
Austin, TX 78701
Email: jwertz@jw.com

Ector CAD
c/o Don Stecker
Linebarger Goggan Blair & Sampson, LLP
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
sanantonio.bankruptcy@publicans.com

Michael G. Rylee
c/o Fareed Iqbal Kaisani
Platt Cheema Richmond PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, TX 75207
fkaisani@pcrfirm.com

Southstar Bank, S.S.B.
c/o Richard T. Chapman
Anderson, Smith, Null & Stofer, L.L.P.
100 West Goodwin, Suite 700
Victoria, TX 77902
rchapman@andersonsmith.com

Subchapter V Trustee
c/o Michael Colvard
Weston Center
112 East Pecan Street, Suite 1616
San Antonio, TX 78205
mcolvard @mdtlaw.com

Travis County
c/o Jason A. Starks
Travis County Attorney
P.O. Box 1748
Austin, TX 78767
Email: jason.starks@traviscountytx.gov

United States Department of Justice
Office of the United States Trustee
c/o J. Casey Roy, Trial Attorney
903 San Jacinto Blvd., Suite 230
Austin, TX 78701
Casey.Roy@usdoj.gov

United States Trustee – AU12
903 San Jacinto Blvd., Suite 230
Austin, TX 78701
ustpregion07.au.ecf@usdoj.gov

GTG Solutions, Inc.
c/o Frank B. Lyon
3508 Far West Blvd., Suite 170
Austin, TX 78731
Frank@franklyon.com

**Notice will be mailed via United States first-class mail to:**

Briggs & Veselka Co
c/o Edward Fowler
901 S. Mopac Expressway
Bldg. II, Suite 450
Austin, TX 78746

Capital One Bank USA NA
PO Box 31293
Salt Lake City, UT 84131-1293

Community National Bank
1502 Avenue M
Hondo, TX 78861

Community National Bank
2659 John Ben Shepperd Pkwy.
Odessa, TX 79762

Friday Milner Lambert Turner, PLLC
3401 Glenview Avenue
Austin, TX 78703

GTG Solutions, Inc.
c/o Bob. J. Shelton P.C.
5103 Chad Drive
Arlington, TX 76017

GTG Solutions, Inc.
c/o Anna Hand-Registered Agent
500 West Sherman
Chico, TX 76431

Haygood Law Firm
c/o Lane Haygood
522 North Grant Avenue
Odessa, TX 79761

Internal Revenue Service
Special Procedures
Stop 5022 AUS
300 East 8th Street
Austin, TX 78701

Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA 19101-7346

James Firm PLLC
c/o Amanda James
1316 5th Avenue
Fort Worth, TX 76104

John Manicom
PO Box 341420
Austin, TX 78734

Kelly L. Burris
Cordell & Cordell PC
301 Congress Avenue, Suite 1800
Austin, TX 78701

Michael G. Rylee
101 Colorado, Apt. 3007
Austin, TX 78701-4292

Texas Comptroller of Public Accounts
Revenue Acctg Div - Bankruptcy Section
P.O. Box 13528
Austin, TX 78711-3528

Texas Workforce Commission
Tax-Collections
101 E. 15th Street
Austin, TX 78778-0001

Travis County Tax Assessor-Collector
P.O. Box 149326
Austin, TX 78714