### IN THE UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-10436-tmd |
| MARY BRENNA RYLEE, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | (SUBCHAPTER V) |

### DEBTOR'S MEMORANDUM OF LEGAL AUTHORITIES ADDRESSING UNRESOLVED OBJECTIONS TO THE DEBTOR'S PROPOSED SUBCHAPTER V PLAN OF REORGANIZATION

TO THE HONORABLE TONY M. DAVIS,
UNITED STATES BANKRUPTCY JUDGE:

Debtor Mary Brenna Rylee (the "Debtor") files this Memorandum of Legal Authorities Addressing Unresolved Objections to the Debtor's Proposed Subchapter V Plan of Reorganization (the "Memorandum"), and in support thereof would respectfully show the Court as follows:

## I.    UNRESOLVED OBJECTIONS

1.    On October 15, 2021, GTG Solutions, Inc. ("GTG") filed an Objection to Confirmation (Dkt. No. 103) (the "GTG Objection").[1]

2.    The GTG Objection is the only objection to confirmation of the Debtor's Proposed Subchapter V Plan of Reorganization (Dkt. No. 93) (the "Plan").

3.    GTG is also the only creditor or party-in-interest who voted to reject the Debtor's Plan. *See* Ballot Summary, Dkt. No. 111-1.

## II.    ARGUMENT & AUTHORITIES

4.    GTG objects to confirmation of the Plan on the basis that it fails to comply with

---

[1] On October 20, 2021, the Court dismissed GTG's Objection for lack of compliance with local rules. *See* Dkt. No. 105. This Memorandum is filed out of an abundance of caution in the event GTG re-files its Objection.

11 U.S.C. §§ 1129(a)(8), (a)(7)(A)(ii), (a)(15), and (b)(2)(B).

**A.      The Plan Complies with Section 1129(a)(8).**

5.      Pursuant to Section 1129(a)(8), "[t]he court shall confirm a plan only if all of the following requirements are met:

. . .

(8)      With respect to each class of claims or interests—
(A)      such class has accepted the plan; or
(B)      such class is not impaired under the plan."

11 U.S.C. § 1129(a)(8).

6.      Classes 1, 2, and 3 are unimpaired under the Plan, and Classes 4 and 5 have voted to accept the Plan.

7.      While GTG voted in Class 4 to reject the Plan, the Debtor has filed an Expedited Motion to Estimate Claim No. 9 Filed by GTG Solutions, Inc. for Confirmation Voting and Distribution Purposes to temporarily disallow GTG's Proof of Claim No. 9 ("GTG's Claim") and estimate GTG's Claim to be $0.00 for purposes of voting on the Plan and receiving a distribution under the Plan. *See* Dkt. No. 109.

8.      The Debtor has also filed an Objection to GTG's Claim, which details at length why GTG's Claim should be disallowed and is incorporated herein by reference. *See* Dkt. No. 106.

9.      The Court has discretion to disallow GTG's Claim for voting purposes "to protect the rights of legitimate creditors to determine the outcome of the plan." *In re Coral Petroleum, Inc.*, 60 B.R. 377, 383 (Bankr. S.D. Tex. 1986).

10.      When GTG's vote is removed from Class 4, all Classes have either accepted the Plan or are not impaired under the Plan.

11.     Accordingly, the Plan satisfies Section 1129(a)(8).

12.     Moreover, Section 1129(a)(8) is not applicable if the Plan is confirmed as a non-consensual plan under Section 1191(b).  *See* 11 U.S.C. § 1191(b).

**B.     The Plan Complies with Section 1129(a)(7)(A)(ii).**

13.     Pursuant to Section 1129(a)(7), "[t]he court shall confirm a plan only if all of the following requirements are met:

. . .

(7)     With respect to each impaired class of claims or interests--
        (A)     each holder of a claim or interest of such class--
                (i)     has accepted the plan; or
                (ii)    will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date"

11 U.S.C. § 1129(a)(7).

14.     For the reasons discussed above and detailed at length in the Debtor's Objection to GTG's Claim, GTG will potentially receive more under the Plan than it would in a liquidation under Chapter 7.

15.     Specifically, the Debtor has contributed $75,000, which is being matched by her non-filing spouse for a combined $150,000, for the potential settlement of GTG's claim against FLX Energy Services, LLC ("FLX") in the case styled *FLX Energy Services, LLC v. GTG Solutions, Inc. v. Michael and Mary Rylee, Third Party Defendants*, Cause No. DC18-17458 in the 109th Judicial District Court of Winkler County, Texas (the "GTG Lawsuit").

16.     While the Debtor has no input or discretion in whether FLX and GTG settle the GTG Lawsuit, the Debtor would still object to GTG's Claim if this case were converted to Chapter 7, and the $150,000 would then not be available to settle GTG's Claim.

17.     Accordingly, the Plan complies with Section 1129(a)(7)(A)(ii).

**C.     Section 1129(a)(15) is Not Applicable to the Plan.**

18.     Pursuant to Section 1181(a), Section 1129(a)(15) is not applicable to cases filed under Subchapter V of Chapter 11 of the Bankruptcy Code, including this Bankruptcy Case. *See also* 11 U.S.C. § 1191(a) & (b).

19.     Accordingly, the Objection should be overruled because Section 1129(a)(15) is not applicable to the Plan.

**D.     Section 1129(b)(2)(B) is Not Applicable to the Plan.**

20.     Pursuant to Section 1181(a), Section 1129(b) is not applicable to cases filed under Subchapter V of Chapter 11 of the Bankruptcy Code, including this Bankruptcy Case.

21.     Accordingly, the Objection should be overruled because Section 1129(b)(2)(B) is not applicable to the Plan.

WHEREFORE, the Debtor respectfully requests that the Court overrule GTG's Objection to confirmation of the Debtor's Plan and grant such other and further relief as the Court may deem just and proper.

Dated: October 20, 2021

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Jameson J. Watts
    Lynn Hamilton Butler
    State Bar No. 03527350
    Jameson J. Watts
    State Bar No. 24079552
    111 Congress Avenue, Suite 1400
    Austin, Texas 78701
    Tel: (512) 472-5456
    Fax: (512) 479-1101
    lynn.Butler@huschblackwell.com
    jameson.watts@huschblackwell.com

**COUNSEL FOR DEBTOR**
**MARY BRENNA RYLEE**

## **CERTIFICATE OF SERVICE**

I certify that on October 20, 2021, a copy of this document was served by electronic service on parties registered to receive notice via the Court's CM/ECF system or via United States first-class mail as listed below.

/s/ Jameson J. Watts
Jameson J. Watts

**Notice will be served via ECF to:**

Mary Brenna Rylee
c/o Jameson J. Watts
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701
Jameson.watts@huschblackwell.com

American Momentum Bank
c/o Bruce Ruzinsky
Jackson Walker LLP
1401 McKinney Street, Suite 1900
Houston, TX 77010
Email: bruzinsky@jw.com

American Momentum Bank
c/o Jennifer F. Wertz
100 Congress Avenue, Suite 1100
Austin, TX 78701
Email: jwertz@jw.com

Ector CAD
c/o Don Stecker
Linebarger Goggan Blair & Sampson, LLP
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
sanantonio.bankruptcy@publicans.com

Michael G. Rylee
c/o Fareed Iqbal Kaisani
Platt Cheema Richmond PLLC
1201 N. Riverfront Blvd., Suite 150
Dallas, TX 75207
fkaisani@pcrfirm.com

Southstar Bank, S.S.B.
c/o Richard T. Chapman
Anderson, Smith, Null & Stofer, L.L.P.
100 West Goodwin, Suite 700
Victoria, TX 77902
rchapman@andersonsmith.com

Subchapter V Trustee
c/o Michael Colvard
Weston Center
112 East Pecan Street, Suite 1616
San Antonio, TX 78205
mcolvard @mdtlaw.com

Travis County
c/o Jason A. Starks
Travis County Attorney
P.O. Box 1748
Austin, TX 78767
Email: jason.starks@traviscountytx.gov

United States Department of Justice
Office of the United States Trustee
c/o J. Casey Roy, Trial Attorney
903 San Jacinto Blvd., Suite 230
Austin, TX 78701
Casey.Roy@usdoj.gov

United States Trustee – AU12
903 San Jacinto Blvd., Suite 230
Austin, TX 78701
ustpregion07.au.ecf@usdoj.gov

GTG Solutions, Inc.
c/o Frank B. Lyon
3508 Far West Blvd., Suite 170
Austin, TX 78731
Frank@franklyon.com

**Notice will be mailed via United States
first-class mail to:**

Briggs & Veselka Co
c/o Edward Fowler
901 S. Mopac Expressway
Bldg. II, Suite 450
Austin, TX 78746

Capital One Bank USA NA
PO Box 31293
Salt Lake City, UT 84131-1293

Community National Bank
1502 Avenue M
Hondo, TX 78861

Community National Bank
2659 John Ben Shepperd Pkwy.
Odessa, TX 79762

Friday Milner Lambert Turner, PLLC
3401 Glenview Avenue
Austin, TX 78703

GTG Solutions, Inc.
c/o Bob. J. Shelton P.C.
5103 Chad Drive
Arlington, TX 76017

GTG Solutions, Inc.
c/o Anna Hand-Registered Agent
500 West Sherman
Chico, TX 76431

GTG Solutions, Inc.
P.O. Box 490
Chico, TX 76431

Haygood Law Firm
c/o Lane Haygood
522 North Grant Avenue
Odessa, TX 79761

Internal Revenue Service
Special Procedures
Stop 5022 AUS
300 East 8th Street
Austin, TX 78701

Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 7346
Philadelphia, PA 19101-7346

James Firm PLLC
c/o Amanda James
1316 5th Avenue
Fort Worth, TX 76104

John Manicom
PO Box 341420
Austin, TX 78734

Kelly L. Burris
Cordell & Cordell PC
301 Congress Avenue, Suite 1800
Austin, TX 78701

Michael G. Rylee
101 Colorado, Apt. 3007
Austin, TX 78701-4292

Texas Comptroller of Public Accounts
Revenue Acctg Div - Bankruptcy Section
P.O. Box 13528
Austin, TX 78711-3528

Texas Workforce Commission
Tax-Collections
101 E. 15th Street
Austin, TX 78778-0001

Travis County Tax Assessor-Collector
P.O. Box 149326
Austin, TX 78714