

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 26, 2021.**

_____
**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 21-10436-tmd** |
| **MARY BRENNA RYLEE,** | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | **(SUBCHAPTER V)** |

### FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTOR'S SECOND AMENDED SUBCHAPTER V PLAN OF REORGANIZATION

This Court having considered the testimony and evidence presented and having reviewed the Debtor's Second Amended Subchapter V Plan of Reorganization (Dkt. No. 128) (the "Plan")[1] and, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation

---

[1] All capitalized terms herein shall be given the meaning ascribed to them in the Plan or Exhibit A to the Plan (Dkt. No. 128).  If a capitalized term is not defined in the Plan, in Exhibit A to the Plan or herein, then the term is to be given its ordinary, plain language meaning.

thereon and good cause appearing therefore, the Court hereby makes and issues the following Findings of Fact, Conclusions of Law, and Orders:

## I.      FINDINGS OF FACT AND CONCLUSIONS OF LAW

**IT IS HEREBY DETERMINED, FOUND, AND CONCLUDED THAT:**

### A.      Jurisdiction and Venue.

1.      The Debtor commenced this chapter 11 case (the "Bankruptcy Case") on May 31, 2021 (the "Petition Date") by filing a voluntary petition for relief under Subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Venue in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Bankruptcy Court") was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper during the Bankruptcy Case.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

2.      The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code.  The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### B.      Eligibility for Relief.

3.      The Debtor is eligible for relief under sections 109 and 1182 of the Bankruptcy Code.

### C.      Judicial Notice.

4.      The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for confirmation) the docket of the Bankruptcy Case maintained by the clerk of the Bankruptcy Court or its duly appointed agent, including all pleadings and other documents on file, all orders

HB: 4834-4658-4319.4

entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Bankruptcy Case. Any resolutions of objections to confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference. All unresolved objections, statements, and reservations of rights are overruled on the merits.

**D.** **Transmittal and Mailing of Materials; Notice.**

5. Due, adequate, and sufficient notice of the Plan and Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan, has been given and no other or further notice is or shall be required.

**E.** **Voting Certification.**

6. The tabulation of the ballots was conducted in accordance with the Bankruptcy Code as evidenced by the Ballot Summary filed by the Debtor. *See* Dkt. No. 127.

**F.** **Compliance with the Requirements of Section 1191 of the Bankruptcy Code.**

7. The Court finds that the Plan meets all requirements of section 1129(a), other than paragraph (15) of that section, and is therefore a consensual plan under section 1191(a) of the Bankruptcy Code.

**G.** **Satisfaction of Confirmation Requirements.**

8. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1191 of the Bankruptcy Code.

**H.** **Good Faith.**

9. The Debtor and her principals, agents, financial advisers, attorneys, employees, affiliates, and representatives have been, are, and will continue to act in good faith as they proceed

HB: 4834-4658-4319.4

to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by this Confirmation Order.

### I. Modifications.

10. The changes made in the Debtor's First Amended Subchapter V Plan of Reorganization and Second Amended Subchapter V Plan of Reorganization do not constitute "material" modifications requiring re-solicitation. No creditor's treatment has been impaired or worsened, and the modifications provide superior treatment than that proposed under the prior version of the Plan.

## II. <u>ORDER</u>

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

### A. Order.

11. This Confirmation Order shall confirm the Debtor's Second Amended Subchapter V Plan of Reorganization (Dkt. No. 128).

### B. Objections.

12. To the extent that any objections, reservation of rights, statement, or joinders to confirmation have not been withdrawn, waived, or settled prior to entry of this Confirmation Order or otherwise resolved as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits.

### C. Findings of Fact and Conclusions of Law.

13. The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be

HB: 4834-4658-4319.4

determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

**D.** **Confirmation of the Plan.**

14.    The Plan and each of its provisions are confirmed in each and every respect pursuant to section 1191 of the Bankruptcy Code.  The documents referenced in the Plan and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto, and the execution, delivery, and performance thereof by the Debtor are authorized and approved as finalized, executed, and delivered.  Without further order or authorization of the Bankruptcy Court, the Debtor is authorized and empowered to make all modifications to all documents included as part of the Plan that are consistent with the Plan.  As set forth in the Plan, once finalized and executed, the documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all Liens and other security interests purported to be created thereby.

15.    The terms of the Plan shall be effective and binding as of the Effective Date of the Plan.

**E.** **Notice of Entry of the Confirmation Order.**

16.    In accordance with Bankruptcy Rules 2002 and 3020(c), within ten business days of the date of entry of the Confirmation Order, the Debtor shall serve the notice of confirmation by (i) CM/ECF, (ii) United States mail, first class postage prepaid, (iii) by hand, or (iv) by overnight courier service to the Debtor, the Trustee, all creditors, all equity security holders, and all other parties in interest.  Mailing of the Notice of Confirmation in the time and manner set forth in this paragraph shall be good and sufficient notice under the particular circumstances and in

HB: 4834-4658-4319.4

accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice is necessary.

17.     The Notice of Confirmation shall have the effect of an order of the Bankruptcy Court, shall constitute sufficient notice of the entry of the Confirmation Order to such filing and recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

**F.      Discharge, Release, and Injunction.**

18.     **EXCEPT AS OTHERWISE PROVIDED IN THIS CONFIRMATION ORDER, THE PLAN, OR BY ORDER OF THE BANKRUPTCY COURT, AND EXCEPT WITH RESPECT TO AMERICAN MOMENTUM BANK AS SET FORTH IN THE PLAN, UPON CONFIRMATION OF THE PLAN (AND FROM AND AFTER THE EFFECTIVE DATE) ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR LIENS AGAINST, OR EQUITY INTERESTS IN, THE DEBTOR OR HER PROPERTIES ARE PERMANENTLY RESTRAINED AND ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE ESTATE, THE DEBTOR, AND/OR THE REORGANIZED DEBTOR: (A) COMMENCING OR CONTINUING, IN ANY MANNER, ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY CLAIM AGAINST THE DEBTOR, THE REORGANIZED DEBTOR, OR HER RESPECTIVE ASSETS; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING ON ACCOUNT OF ANY CLAIM BY ANY MANNER OR MEANS, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE REORGANIZED DEBTOR OR THE ASSETS, EXCEPT PURSUANT TO AND IN ACCORDANCE WITH THE PLAN; (C) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE**

**OF ANY KIND AGAINST EITHER THE ASSETS OR THE REORGANIZED DEBTOR; (D) ASSERTING ANY CONTROL OVER, INTEREST, RIGHTS, OR TITLE IN OR TO ANY OF THE ASSETS, EXCEPT AS PROVIDED IN THE PLAN; (E) ASSERTING ANY SETOFF OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE THE REORGANIZED DEBTOR AS ASSIGNEE, EXCEPT UPON LEAVE OF THE BANKRUPTCY COURT OR EXCEPT AS AUTHORIZED BY SECTION 553 OF THE BANKRUPTCY CODE; AND/OR (F) PERFORMING ANY ACT, IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO OR COMPLY WITH THE PROVISIONS OF THE PLAN; PROVIDED, HOWEVER, THAT THIS INJUNCTION SHALL NOT BAR ANY CREDITOR FROM ASSERTING ANY RIGHT GRANTED PURSUANT TO THE PLAN; AND PROVIDED FURTHER, HOWEVER, THAT EACH HOLDER OF A CONTESTED CLAIM SHALL BE ENTITLED TO ENFORCE ITS RIGHTS UNDER THE PLAN, INCLUDING SEEKING ALLOWANCE OF ITS CONTESTED CLAIM PURSUANT TO THE PLAN.**

### G.     Binding Effect.

19.     Notwithstanding Bankruptcy Rules 3020(e), 6004(g), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Post-Confirmation Debtor, and any and all holders of Claims (irrespective of whether such Claims are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, each Person acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor.

HB: 4834-4658-4319.4

20.     The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

### H.     Assumption of Contracts.

21.     All Executory Contracts, including but not limited to the Settlement Agreement and Release dated October 21, 2021 between the Debtor and her non-filing spouse, will be deemed assumed by the Debtor upon the Effective Date, unless an Executory Contract (i) is identified on the Schedule of Rejected Executory Contracts to be included in a Plan Supplement, (ii) has been previously assumed or rejected pursuant to an order of the Bankruptcy Court, (iii) is identified in this Plan or the Confirmation Order to be rejected, or (iv) is the subject of a motion to reject filed on or before the Confirmation Date. The Debtor may file a motion for the assumption or rejection of any Executory Contract at any time through the Effective Date and such motion will be determined by the Bankruptcy Court thereafter.

### I.     Special Subchapter V Provisions.

22.     The Plan is confirmed pursuant to section 1191(a) of the Bankruptcy Code as a consensual plan. The Reorganized Debtor shall act as disbursing agent and will be responsible for making all payments to creditors and other parties in interest under the Plan.

23.     Upon substantial consummation of the Plan, the duties of the Subchapter V Trustee ("Trustee") in the Debtor's Bankruptcy Case shall terminate as provided under section 1183(c)(1) of the Bankruptcy Code.

24.     No later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve upon the Trustee, U.S. Trustee, all creditors, and all parties in interest

a notice of substantial consummation of the Plan as provided under section 1183(c)(2) of the Bankruptcy Code.

25.     On the Effective Date of the Plan, the Debtor shall be and is hereby discharged to the extent and as provided by section 1141(d)(1) of the Bankruptcy Code, except that the Debtor will not be discharged of any debt imposed by or otherwise excepted from the Plan.

26.     On the Effective Date of the Plan, property of the bankruptcy estate of the Debtor shall vest in the Reorganized Debtor under section 1141(b) of the Bankruptcy Code.   If the Debtor's Bankruptcy Case is subsequently converted to Chapter 7, all property of the Reorganized Debtor in the converted case shall automatically revest and become property of the bankruptcy estate of the Debtor in the converted Chapter 7 case.

**J.      Final Confirmation Order.**

27.     This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

# # #

Order submitted by:

Jameson J. Watts
State Bar No. 24079552
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
jameson.watts@huschblackwell.com

**COUNSEL FOR DEBTOR**
**MARY BRENNA RYLEE**